**Ex parte Otto THOMPSON.**

**No. 40712.**

Court of Criminal Appeals of Texas.

Nov. 1, 1967.

Rehearing Denied Dec. 6, 1967.

---

Davis, Davis & Hornbuckle by William E. Hornbuckle, III, Huntsville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the state of New Mexico.

■ The executive warrant issued by the Governor of Texas, which appears regu-

lar on its face, was introduced in evidence. It is recited in the warrant that the appellant stands charged by "judgment of conviction, sentence, parole violation, before the proper authorities, convicted of murder, committed in said state * * *."

The warrant made out a prima facie case authorizing the remand of the appellant to custody for extradition. Ex parte Favor, Tex.Cr.App., 406 S.W.2d 434.

As a ground for discharge, the appellant contends that the state failed to comply with Art. 51.13, Section 10, Vernon's Ann.C.C.P., in that after his arrest under the Governor's warrant, he was not taken "forthwith" before a judge of a court of record, but held in the county jail.

On May 10, 1967, the appellant was arrested on a fugitive warrant, and on the same date an extradition warrant was issued. The extradition warrant was withdrawn by the Governor on June 2, 1967. The appeal from an order remanding him to custody after a hearing on the fugitive warrant was dismissed on July 12, 1967, on the ground that the appellant was then in custody on another extradition warrant issued on June 26, 1967. Ex parte Thompson, Tex. Cr.App., 417 S.W.2d 169.

■ The petition for writ of habeas corpus in this cause was filed July 28, 1967. On July 31, 1967, the appellant was brought before the court, and after a hearing, counsel was appointed to represent the appellant, and a hearing on said petition was set for August 1, 1967. After a hearing, the court ordered the appellant remanded to custody for extradition. From such order he gave notice of appeal.

The statute relied on by the appellant provides that the accused shall not be delivered to the agent of the demanding state until he shall first be taken forthwith before a judge of a court of record who shall inform him of his rights. The statute also provides that when a writ of habeas corpus is applied for, notice of the hearing shall be

**711**

given to the prosecuting officer and the agent of the demanding state.

The petition herein was filed Friday, July 28, 1967, and on Monday, July 31, the appellant was brought before the court and counsel appointed for him and the hearing was had on Tuesday, August 1. There is no showing when the writ was served or when it was first called to the attention of a judge of a court of record, or when the prosecuting officer or the extradition agent were notified of the hearing.

From all the facts and circumstances in evidence and in light of the applicable provisions of the statute, it is concluded that the trial court did not abuse its discretion in remanding the appellant to custody for extradition.

The judgment is affirmed.