**Ex parte Daniel Eugene HECK.**

No. 41585.

Court of Criminal Appeals of Texas.

Nov. 13, 1968.

Rehearing Denied Jan. 8, 1969.

Evans & Morris, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an appeal from an order denying the discharge of the appellant, Daniel Eugene Heck, after a hearing on his application for a writ of habeas corpus and the remand of him to custody for extradition to the State of West Virginia.

At the hearing, the state introduced in evidence the executive warrant issued by the Governor of Texas. The warrant recites that Daniel Eugene Heck alias Bobby Ray Peoples, stands charged by indictment with the crimes of grand larceny and forgery in the State of West Virginia. The executive warrant, which appears regular on its face, made out a prima facie case authorizing the remand of the appellant to custody for extradition. Ex parte Thompson, Tex.Cr.App., 420 S.W.2d 709; Ex parte Short, Tex.Cr.App., 423 S.W.2d 328.

As grounds for reversal, the appellant contends that:

### "FIRST GROUND

"The Trial Court erred in not discharging the Petitioner from custody because the demand for his extradition failed to comply with the requirement of Article 51.13, Section 3, of the Code of Criminal Procedure in that it was not accompanied by an indictment, information, or affidavit which substantially charged the Petitioner with a crime.

### "SECOND GROUND

"The Trial Court erred in not discharging the Petitioner from custody because the demand for his extradition failed to comply with the requirement of Article 51.13, Section 3, of the Code of Criminal Procedure in that it did not substantially charge the person demanded with having committed a crime."

At the conclusion of appellant's brief, he insists that the State:

"First, failed to charge the person sought to be extradited with a crime under the law of the demanding State, and second, the supporting instruments failed to charge *the person demanded,* DANIEL EUGENE HECK, with any crime at all and indeed did not even refer to him.

Because of the failure of the State to comply with the requirements of the Code of Criminal Procedure in these two particulars the action of the trial court should be reversed and the Petitioner ordered discharged."

■ In support of his position, the appellant attacks the sufficiency of the indictment which accompanies the requisition in that the date of the commission of the offense is alleged to have been "on the _____ day of December, 1967, and prior to the date of the finding of this indictment." Such an indictment has been held not to be void and its validity will be left to the courts of the demanding state. No error is presented. Benson v. State, 128 Tex.Cr.R. 72, 79 S.W. 2d 122; Ex parte Gore, 162 Tex.Cr.R. 128, 283 S.W.2d 69.

The demand of the Governor of West Virginia was accompanied by three indictments: The first charged "Thomas W. Addison, Bobby Ray Peoples and Charles Matthews Withrow" with theft of $1,204 of money and property from Vesta King in December, 1967. The second indictment charges only Bobby Ray Peoples with theft of $6,450 in money and property. The third indictment also charges only Bobby Ray Peoples with forgery of a $6,450 check.

Sidney C. Shrewsbury, a state highway patrolman from West Virginia, while testifying, examined the first of the three indictments herein described, and then identified the appellant in the courtroom as the man he had arrested in West Virginia as Bobby Ray Peoples, and also as the same person he had arrested with Thomas W. Addison and Charles Matthews Withrow for theft of $1,204 from Vesta King in December, 1967.

The record reveals that following the arrest of Bobby Ray Peoples and before the issuance of the demand by the Governor of West Virginia and the issuance of the Texas executive warrant it was determined that the true name of Bobby Ray Peoples was Daniel Eugene Heck. This evidence authorized the designation of the name with the alias as shown.

The appellant did not testify or offer any evidence in his behalf.

From a consideration of the indictment and the record, it is concluded that it substantially charges the appellant with the commission of a crime in West Virginia.

It is not deemed necessary to consider the other contentions presented relating to the charges in the second and third indictments.

■ From all the facts and circumstances in evidence, it is concluded that the trial court did not err in remanding the appellant to custody for extradition.