**Ex parte Shirley CHAPMAN.**

**No. 41602.**

Court of Criminal Appeals of Texas.

Nov. 27, 1968.

Rehearing Denied Jan. 15, 1969.

**530**

Raeburn Norris, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of Indiana.

At the habeas corpus hearing, the state introduced the executive warrant issued by the Governor of Texas. The warrant recites that the appellant stands charged by complaint and warrant before the proper authorities with the crime of child desertion, a felony in Indiana; and that the Indiana demand is accompanied by authenticated copies of said complaint and warrant.

 The executive warrant of the Governor of Texas, which appears regular on its face, made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex parte Thompson, Tex.Cr.App., 420 S.W.2d 709.

The appellant contends that the Texas governor's warrant is not supported by a proper application and supporting papers from the Governor of Indiana, in that the appellant is charged with "a felony on information of the prosecuting attorney, based on a complaint filed in the circuit court."

An affidavit (complaint) charging the appellant with child desertion signed and sworn to before a justice of the peace, and a warrant bearing the same criminal cause number on a charge of child desertion, ac-

company the requisition and supporting papers.

The subsequent offense of child desertion in Texas is a felony. Art. 602–A, P.C. In a prosecution for such offense, a conviction may be had for the misdemeanor offense of child desertion. Extradition for either a felony or misdemeanor is authorized. Art. 51.13, V.A.C.C.P.

The state's accusatory pleadings and the record from the demanding state substantially charge the appellant with the crime of child desertion. The sufficiency of the complaint is a question for the courts of the demanding state. 25 Tex.Jur.2d 154, Sec. 19.

From the record, it is concluded that the trial court did not err in remanding the appellant to custody for extradition.

The judgment is affirmed.