### Ex parte John E. RICHESON.

### No. 42153.

Court of Criminal Appeals of Texas.

July 16, 1969.

W. Alfred Winder, George T. Morris, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Clayton Evans and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of Georgia.

■ At the habeas corpus hearing, the state introduced the executive warrant issued by the Governor of Texas. It recites that the appellant stands charged by complaint and warrant before the proper authorities with the crime of child abandonment committed in Georgia. The Georgia demand is accompanied by authenticated copies of said complaint and warrant.

The executive warrant of the Governor of Texas, which appears regular on its face, made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex parte Chapman, Tex.Cr. App., 435 S.W.2d 529; Ex parte Thompson, Tex.Cr.App., 420 S.W.2d 709.

The appellant in his brief contends that he should be discharged on the grounds that:

"The Governor of the State of Georgia alleged that appellant was present in Georgia 'at the time of the commission of said crime and thereafter'."

■ At the hearing, the appellant testified that he was the person named in the Texas Extradition Warrant; that he had four children under sixteen years of age in Georgia who were in the custody of their mother; that he was under an order in the District Court of Johnson County, Texas, to support his children; and that he was not in Georgia on May 15, 1967, (the date of the commission of the offense alleged in the complaint) and had not been there since he left and came to Texas in 1963.

The Uniform Criminal Extradition Act, Section 6 of Art. 51.13, Vernon's Ann.C. C.P., pertaining to the extradition of persons not in the demanding state at the time of the commission of the crime provides as follows:

"The Governor of this State may also surrender, on demand of the Executive Authority of any other State, any person in this State charged in such other State in the manner provided in Section 3 with committing an act in this State, or in a third State, intentionally resulting in a crime in the State whose Executive Authority is making the demand, and the provisions of this Article not otherwise inconsistent, shall apply to such cases, even though the accused was not in that State at the time of the commission of the crime, and has not fled therefrom."

In view of the above provisions of the statute and the record, the physical presence of the appellant in Georgia at the time of the alleged abandonment of the children or that he fled therefrom are not required to authorize his extradition. The first ground of error is overruled. 25 Tex.Jur. 2d 135 Extradition, Sec. 12; 9 Uniform Laws Ann., Criminal Extradition, p. 302, Sec. 6; Ex parte Hagar, Tex.Cr.App., 434 S.W.2d 675.

■ The appellant's second ground of error is that Articles 4639, 4639a, and 4639b, Vernon's Ann.Tex.Civ.St., give the complaining witness an ample remedy under Texas law through contempt proceedings in the Johnson County District Court. However, the fact that the District Court of Johnson County could hold the appellant in contempt for failure to obey its order does not preclude the State of Georgia from prosecuting the appellant for the crime of abandonment of a child. The State of Georgia is not limited to the appellant's choice of remedies. No error is shown.

The judgment of the trial court remanding appellant to custody for extradition is affirmed.