**Ex parte Dewayne R. JOHNSON, Appellant.**

**No. 05–83–00169–CR.**

Court of Appeals of Texas, Dallas.

May 17, 1983.

Steve Halsey, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

VANCE, Justice.

This is an appeal from an order in a habeas corpus proceeding in which the appellant was remanded to custody for extradition to the State of Utah.

At the habeas corpus hearing the State introduced the Executive Warrant of the Governor of this State, regular on its face, authorizing extradition of the appellant to the State of Utah for the crime of aggravated burglary and aggravated robbery. The supporting papers also introduced into evidence, reveal that the appellant is alleged to have committed the offenses on January 22, 1981.

Appellant in his sole ground of error contends that the evidence was insufficient to show that the appellant was the same person named in the Governor's warrant. Appellant's brief states that appellant "testified that he was not in the State of Utah at

the time of the offense and was not the person which committed the offense..." The record shows that this was not the testimony of the appellant. The appellant's relevant testimony on direct examination was as follows:

Q Your name is Dewayne Johnson, is that right?

A Yes, sir.

Q And you are the same person that I filed a Writ on in behalf of you insofar as these extradition hearings are concerned, is that correct?

A Yes, sir.

Q Now then, let me ask you if back on January the 22nd of 1981 or thereabouts where were you residing?

A In Dallas, Texas.

Q Okay. And let me ask if you were in the State of Utah on January 22nd 1981?

A No, sir.

Q Let me ask you to look at the photograph contained in Defendant's Exhibit Number 3, and I will ask you in your opinion if you think that's a good photograph with good lighting?

A No, sir.

Q Okay. And can you tell whether or not that is your photograph?

A I can't tell whether it's me or not.

Q So, you feel that the photograph is not such—the quality of the photograph is not such that you could tell if that was you or not?

A No, sir.

Q And I take it your name is not contained anywhere on the photograph.

A No, sir.

On cross-examination the following occurred:

Q Are you lying to the Court when you say that's not your picture?

A I'm not saying it's not my picture, I'm saying it don't look like me, its not a good—

The appellant did not deny that he was the Dewayne R. Johnson named in the Governor's Warrant, Requisition and other supporting papers.

It is well established that the introduction of the Warrant of the Governor of Texas is sufficient to make out a prima facie case authorizing extradition of the person named therein. *Ex parte Martinez,* 530 S.W.2d 578, 579 (Tex.Cr.App.1975); *Ex parte Harvey,* 459 S.W.2d 853, 854 (Tex.Cr. App.1970); *Ex parte Clubb,* 447 S.W.2d 185, 186 (Tex.Cr.App.1969); *Ex parte Kronhaus,* 410 S.W.2d 442, 443–444 (Tex.Cr.App.1967); *Ex parte Juarez,* 410 S.W.2d 444, 445 (Tex. Cr.App.1967).

The appellant's testimony that he was not in the demanding state on the date of the alleged offenses is not sufficient to overcome the prima facie case established by the Governor's Warrant that he was in fact the same individual sought by the Utah authorities and that he was in the demanding state at the time the offense was alleged to have been committed. *Ex parte Martinez,* 530 S.W.2d at 579; *Ex parte McMillan,* 482 S.W.2d 640, 641 (Tex.Cr.App. 1972); *Ex parte Binette,* 465 S.W.2d 373, 375 (Tex.Cr.App.1971); *Ex parte Harvey,* 459 S.W.2d at 855. The appellant's ground of error is overruled.

The judgment is affirmed.