**Ex parte William Wade ALLEN, Applicant.**

No. 05–85–00180–CR.

Court of Appeals of Texas, Dallas.

Aug. 30, 1985.

Rehearing Denied Nov. 7, 1985.

J. Thomas Sullivan, Director SMU Appellate Clinic, Kathryn Rice, Elizabeth Slate, Student Attys. SMU, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Tom Streeter, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and WHITHAM and DEVANY, JJ.

GUITTARD, Chief Justice.

William Wade Allen appeals the denial of his writ of habeas corpus by which he sought to avoid extradition to the state of Tennessee where he was charged with armed robbery. Allen complains that the evidence is insufficient to support the judgment and that the extradition hearing conducted before a magistrate is void. We disagree. Consequently, we affirm.

In his first ground of error, appellant contends that the evidence is insufficient to support the judgment in several respects. First he argues that the governor's warrant issued on January 23, 1985, could not rely upon an affidavit of identification signed on January 25, 1985. The affidavit of identification is not requisite to a proper order of extradition. *See Ex parte Trisler*, 605 S.W.2d 619, 620 (Tex. Crim.App.1980). An affidavit such as this showing that the person detained is in fact the person sought by the demanding state is not necessary to the validity of the warrant and may be made at any time. *See Ex parte Viduari*, 525 S.W.2d 163, 164 (Tex. Crim.App.1975).

Appellant also complains that the indictment is insufficient in that it recites the date of the offense as, "On the ___ day of July. A.D. 1984." This exact contention was expressly rejected in *Ex parte Heck*, 434 S.W.2d 855, 857 (Tex.Crim.App.1968).

Next appellant asserts that the State failed to show his presence in the demanding state on the date of the offense. At the hearing appellant, his wife, and a friend denied his presence in Tennessee, on that date. Nonetheless, appellant's presence in the demanding state was alleged in the requisition signed by the Governor of Tennessee. Additionally, an "affidavit of identifying witness" and a photograph from the demanding state were introduced at the hearing. The Texas Governor's warrant and its attached documents are sufficient to show appellant's presence in the demanding state. *Ex parte Johnson*, 651 S.W.2d 439, 440 (Tex.App.—Dallas 1983, no pet.) Accordingly, we overrule appellant's first ground of error.

In four related grounds of error, appellant attacks the order authorizing extradition because the proceedings were conducted before a magistrate rather than a district judge. Initially, appellant asserts that the magistrate's actions were tantamount to presiding over a trial upon the merits, which is expressly prohibited by the Dallas County Magistrates Act, TEX.REV. CIV.STAT.ANN. art. 1918c, § 4(b) (Vernon Supp.1985). We disagree. The extradition hearing did not involve a ruling on any

issue of law or fact of which the determination could result in dismissal of the case. *See Kelley v. State*, 676 S.W.2d 104, 107 (Tex.Crim.App.1984). We conclude that it was not a "trial on the merits" within section 4(b) of the Act, but was rather one of the "other matters" that section 4(a)(6) of the Act authorizes to be referred to a magistrate.

This conclusion is supported by *Ex parte Scarbrough*, 604 S.W.2d 170, 173 (Tex. Crim.App.1980), in which the Court of Criminal Appeals held that an extradition hearing was not a trial on the merits and, therefore, the applicant's right to confrontation was not violated by introduction of the governor's warrant and supporting papers. Further support for our conclusion is found in *Scott v. State*, 690 S.W.2d 256, 259 (Tex.Crim.App.1985) (magistrate may hold hearing to fix punishment pursuant to plea bargain without a specific agreement as to punishment), and *Ex parte Howard*, 685 S.W.2d 672, 674 (Tex.Crim.App.1985) (magistrate may hear motion to proceed to adjudication after order of unadjudicated probation).

■ Moreover, in the present case, any objection to the hearing before the magistrate was expressly waived by appellant. The record contains the following document:

### WAIVER OF HAVING CAUSE HEARD BY DISTRICT JUDGE REQUEST FOR REFERRAL TO MAGISTRATE

NOW COMES, William Wade Allen, defendant in the above numbered and titled cause and freely and voluntarily waives his right to have said cause heard by a District Judge, and requests that said cause be heard and determined by a Magistrate, having been informed of his right to have this matter heard by the District Judge and defendant understanding this right and the possible consequences of it.

/s/John T. Boyce        /s/William Allen
————————————        ————————————
Counsel for Defendant      Defendant

Article 1.14 of the Texas Code of Criminal Procedure provides: "The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case." An accused may waive extradition altogether and return voluntarily to the demanding state. TEX.CODE CRIM.PROC.ANN. art. 51.13, § 25a (Vernon 1979). Furthermore, one may waive extradition in advance as a condition of parole. *Ex parte Johnson*, 610 S.W.2d 757, 759–60 (Tex.Crim.App.1980); *Ex parte Williams*, 472 S.W.2d 779, 780 (Tex.Crim. App.1971). Consequently, we see no reason why he may not waive a hearing before the district judge and consent to determination of the matter by a magistrate. Appellant's complaint concerning the hearing before the magistrate is, accordingly, overruled.

■ Appellant also contends that the district judge's order referring his cause to the magistrate was insufficient to confer jurisdiction on the magistrate to hear the cause. We disagree. After reciting that appellant's written waiver, consent, and request for referral to a magistrate was approved, the judge's order of referral states: "This cause is hereby referred to a Criminal District Magistrate of Dallas County, Texas pursuant to Article 1918c V.A.C.S."

Appellant argues that this statement is insufficient to confer jurisdiction on the magistrate because it fails to specify the duties of the magistrate as required by TEX.REV.CIV.STAT.ANN. art. 1918c, § 4(c) (Vernon Supp.1985). In the context of this referral order, we conclude that the judge adequately specified the duties of the magistrate—*i.e.*, to hear appellant's application for writ of habeas corpus—so as confer jurisdiction on the magistrate to hear the cause. After approving appellant's request to have the extradition proceeding "heard and determined" by a magistrate, the judge was not required by section 4(c) of article 1918c to direct the magistrate specifically to "hear appellant's application" by hearing evidence, making findings of fact, formulating conclusions of

law, recommending rulings or judgments, etc. *See generally* TEX.REV.CIV.STAT. ANN. art. 1918c, § 5 (Vernon Supp.1985).

■ Appellant further contends that the actions of the magistrate were void because his findings were not reduced to writing. However, nowhere in article 1918c, § 7(a) does such a requirement appear. In a footnote in *Kelley v. State,* 676 S.W.2d 104, 108 (Tex.Crim.App.1984), Judge Miller observed:

> The form motions, orders, and judgment which were used in this case have created confusion. We caution the bench and bar if they are to continue to use these forms, as economy will probably dictate, that they pay attention to what is included therein. We also note that Art. 1918c, Sec. 7, clearly *requires that the magistrate transmit all the papers relating to the case to the district judge for action.* To avoid confusion in the future, *it would be advisable* for Dallas County to develop a clear mechanism for doing so, and *for noting the recommendations and findings of the magistrate* along with the referring court's specific adoption or revision of same. (Emphasis added).

Although we agree that written findings and recommendations are advisable to avoid confusion, the findings need not be expressed in writing in order to satisfy the statute.[1]

■ In his final ground of error, appellant multifariously attacks the sufficiency of the Tennessee supporting papers attached to the application directed to the Governor of that state. The demand for extradition of the Governor of the State of Tennessee provides:

> WHEREAS, it appears by the annexed application and copies of indictment and capias, *which I certify are authentic and duly authenticated in accordance with the laws of the State of Tennessee,* that under the laws of this State William Wade Allen stands charged with the crime of armed robbery committed in this State, and it has been represented and is satisfactorily shown to me that the accused was present in this State at the time of the commission of said crime and thereafter fled from the justice of this State, and has taken refuge and is now to be found in the State of Texas.... [Emphasis added.]

In *Ex parte Reagan,* 549 S.W.2d 204, 205 (Tex.Crim.App.1977), the court of criminal appeals held that such recitation was sufficient to authenticate all supporting papers under section 3 of the Uniform Criminal Extradition Act, TEX.CODE CRIM.PROC. ANN. art. 51.13, § 3 (Vernon 1979). We are bound by this determination. Consequently, we hold that the papers in this case are properly authenticated.

All of appellant's grounds of error are overruled and the judgment is affirmed.

WHITHAM, J. dissents.

WHITHAM, J., dissenting.

I respectfully dissent. I agree that the evidence is sufficient; however, I would sustain appellant's fourth and fifth grounds of error and reverse and remand. Before addressing the reasons why I would reverse and remand, I must express my disagreement with certain of the majority's holdings pertaining to the magistrate practice.

*The majority's first erroneous holding*

I cannot agree with the majority's holding that "we see no reason why [appellant] may not waive a hearing before the district judge and consent to determination of the

---

1. We also note an apparent inconsistency between two orders, both of which were signed by the trial judge on the same day. One "specifically adopts and ratifies the action taken by Magistrate Paul Brauchle." The other, a judgment denying the writ, recites that the judge had examined the writ and return and all documents attached and has "heard the testimony offered by both sides." Only one order is appropriate here, and it should accurately reflect that the judgment is based on the recommendation of the magistrate, as authorized by section 7 of article 1918c. This use of apparently inconsistent forms is confusing, and should be avoided, but does not affect our disposition of the appeal.

matter by a magistrate." The waiver reads:

> NOW COMES, William Wade Allen, defendant in the above numbered and titled cause and freely and voluntarily waives his right to have said cause heard by a District Judge, and requests that said cause be heard and determined by a Magistrate, having been informed of his right to have this matter heard by the District Judge and defendant understanding this right and the possible consequences of it.

To my mind, appellant's waiver fails to reach as far as the majority would have it do. Pertinent to appellant's fourth ground of error, appellant's waiver cannot relieve the district judge from making a proper order of referral to the magistrate. Pertinent to appellant's fifth ground of error, appellant's waiver cannot relieve the magistrate from making written findings, conclusions and recommendations to be submitted to the district judge.

Moreover, appellant waived "his right to have said cause heard by a district judge," and requested "that said cause be *heard and determined* by a magistrate." (emphasis added). Thus, appellant agreed that the merits of his extradition could be decided by a magistrate. Such a procedure is contrary to TEX.REV.CIV.STAT.ANN. art. 1918c, § 4(b) (Vernon Supp.1985), which provides "[i]n no event may a judge refer to a magistrate a criminal case permitting the magistrate to preside over a trial on the merits, either with or without a jury." In my view, the phrase "trial on the merits" as used in section 4(b) includes the merits of appellant's extradition. Therefore, the magistrate would have no right in this extradition case to order appellant's extradition to a sister state. Certainly, I recognize that an application for writ of habeas corpus in an extradition proceeding does not constitute a trial on the merits of the criminal accusations against an accused in a sister state. *Ex parte Scarbrough*, 604 S.W.2d 170, 172–73 (Tex.Crim.App.1980).

Furthermore, appellant cannot be bound by an agreement to be tried by a tribunal created contrary to the constitution of the State of Texas. Appellant did so when he agreed that his case could "be heard and *determined* by a magistrate." By holding appellant bound by the language of the waiver, the majority applies article 1918c in an unconstitutional manner.

A court is an instrumentality of sovereignty, the repository of its judicial power, with authority to adjudge as to the rights of person or property between adversaries. The presence of a judge or judges is necessary as an essential element of a court. A "court" was defined by Bacon to be "an incorporeal being, which requires for its existence the presence of the judges or a competent number of them."

*Mengel Box Co. v. Fowlkes*, 135 Tenn. 202, 186 S.W. 91, 92 (1916). I conclude that the State of Texas, as sovereign, has placed none of its judicial power, with authority to adjudge as to the rights of person or property between adversaries, in magistrates appointed pursuant to article 1918c. The State of Texas, as sovereign, created district courts, and provided for judges of those courts, in article V, sections 1 and 7 of its constitution and placed its judicial power in all criminal cases of the grade of felony in those district courts. TEX. CONST. art. V, § 8. The constitution vests no judicial power of the State of Texas in the magistrate to order appellant's extradition to a sister state. Therefore, the magistrate had no power to *determine* appellant's case.

What I said in my concurring opinion in *Kelley v. State*, 669 S.W.2d 329, 333 (Tex. App.—Dallas 1983), *rev'd*, 676 S.W.2d 104 (Tex.Crim.App.1984), applies in the present case:

> In my view [what we have in the present case] is a "rubber stamp" judicial system which is not permitted under the Constitution of this state. I cannot accept a magistrate system in which district judges are permitted to "sign off" on their judicial powers exercised by a number of court appointed surrogates. Such a system is one in which district courts

create other district courts and appoint the judges of those courts. If that is the interpretation to be made of TEX.REV. CIV.STAT.ANN. art. 1918c (Vernon Supp.1982–1983), then it is unconstitutional on its face under Article V, §§ 1, 7 and 8 of the Constitution of Texas.

Indeed, the form waiver executed by appellant in the present case evidences the fact that district court judges are creating other district courts and appointing the judges of those courts. I refer to the waiver executed by appellant in which he requested "that said cause be *heard and determined* by a magistrate." (emphasis added). In my view, when the district court provides a person with the form of waiver used in the present case, it cannot be disputed that the district court has authorized the transfer of the case to another "court." Magistrate's are not courts. Magistrates are surrogates of district court judges appointed to assist district court judges in certain limited matters. *Kelley v. State*, 676 S.W.2d at 107. Consequently, I cannot condone a system in which district court judges convert an assistant into a court contrary to the constitution of this state. Contrary to the majority's holding that "we see no reason why [appellant] may not waive a hearing before the district judge and consent to determination of the matter by a magistrate," I would hold that appellant's waiver did no more than acquiesce in the district judge's exercise of whatever power, if any, the district judge had to make a referral.

### The majority's second erroneous holding

I cannot agree with the majority's holding that a magistrate's findings "need not be expressed in writing." Article 1918c, section 7(a), provides that "[o]n the conclusion of the proceedings, the magistrate shall transmit to the referring court all papers relating to the cases involved, together with the findings, conclusions, orders, recommendations, or other actions taken." The phrase "together with the findings, conclusions, orders, recommendations, or other actions taken" means written documents to me. Presumably, the

majority permits the magistrate's *findings*, conclusions, orders and recommendations to be made orally by the magistrate and thereafter further orally conveyed to the district judge. To my mind, that is a frightening manner in which to make a record in a criminal case. In this connection, I point to the observations of the court of criminal appeals in footnote five in *Kelley v. State*, 676 S.W.2d 104 (Tex.Crim. App.1984):

> The form motions, orders, and judgment which were used in this case have created confusion. We caution the bench and bar if they are to continue to use these forms, as economy will probably dictate, that they pay attention to what is included therein. We also note that *Art. 1918c, Sec. 7, clearly requires that the magistrate transmit all the papers relating to the case to the district judge for action.* To avoid confusion in the future, it would be advisable for Dallas County to develop a clear mechanism for doing so *and for noting the recommendations and findings* of the magistrate along with the referring court's specific adoption or revision of same. [emphasis added].

676 S.W.2d at 108. The majority's opinion in the present case, however, does nothing but postpone *Kelley's* plea that Dallas County develop a clear mechanism for transmitting papers from magistrate to judge and "for *noting* the recommendations and *findings* of the magistrate." (emphasis added). A writing would constitute a more suitable means of *noting* a *finding* than the oral communication approved by the majority.

### The reasons requiring reversal and remand

With those comments expressed, I turn to the reasons I would reverse and remand. Although I find merit in all of appellant's arguments under his four grounds of error challenging disposition of the present case by a magistrate, I address only appellant's fourth and fifth grounds of error.

In his fourth ground of error, appellant complains of the trial court's failure to comply with the requirements of article 1918c, section 4(c). That section provides that "[t]o refer a case to a magistrate, the judge shall issue an order of referral specifying the duties of the magistrate." The trial court in the present case made only the following referral:

> The above and foregoing waiver, consent, and request for referral to a Magistrate having been presented to me, same is hereby in all things approved. This cause is hereby referred to a Criminal District Magistrate of Dallas County, Texas pursuant to Article 1918c V.A.C.S.

Therefore, the order fails to specify the duties of the magistrate as required by statute. I recognize that appellant waived "his right to have said cause heard by a district judge, and requests that said cause be heard and determined by a magistrate." I cannot agree, however, that such a waiver includes a relinquishment of the right to have a district judge follow the statutory law of this state. For additional emphasis, I repeat the observation of the court of criminal appeals in footnote five in *Kelley*:

> The form motions, orders, and judgment which were used in this case have created confusion. *We caution the bench and bar if they are to continue to use these forms, as economy will probably dictate, that they pay attention to what is included therein.* We also note that Art. 1918c, Sec. 7, clearly requires that the magistrate transmit all the papers relating to the case to the district judge for action. To avoid confusion in the future, it would be advisable for Dallas County to develop a clear mechanism for doing so and for noting the recommendations and findings of the magistrate along with the referring court's specific adoption or revision of same. (emphasis added).

676 S.W.2d at 108. I read the footnote as a warning to district judges that if they use magistrates under article 1918c "that they pay attention to what is included [in their orders]." In the present case, the trial court failed *to pay attention* to what was included in the purported order of referral. The failure to pay attention resulted in omission of the required specifications of the duties of the magistrate. To my mind, appellant was entitled to have the proceedings conducted by the magistrate strictly in accordance with duties specified by the district judge. No duties were specified. Thus, the magistrate was free to conduct the proceedings as he wished. Article 1918c does not permit magistrates to conduct proceedings before them as they wish. The court of criminal appeals opinion in *Kelley* issued on July 3, 1984. The district judge signed the purported order of referral in the present case on February 6, 1985. Given this time interval, I can only conclude that the trial court refused to heed *Kelley's* admonition to pay attention. Thus, the magistrate acted absent a specification of his duties. Therefore, the magistrate's actions were not permitted by law. Consequently, I would sustain appellant's fourth ground of error and reverse and remand.

In his fifth ground of error, appellant complains of the trial court's order authorizing extradition because it is not based upon any findings by either the magistrate or district judge. First, the matter of findings by the district judge. With respect to any perceived proceedings before the district judge, the record contains a form of judgment which reads in pertinent part:

> On this, the 6th day of February, A.D., 1985, came on to be heard the application for the Writ of Habeas Corpus against William Wade Allen, and the Respondent, Jim Bowles, Sheriff of Dallas County, Texas, having made due return on said Writ of Habeas Corpus herein served upon him and having produced before me the person of the said William Wade Allen, I proceeded to hear said application and after having examined the Writ and return of said Respondent, Jim Bowles and all papers and documents attached thereto, and having heard the testimony offered on both sides, I am of the opinion that the said William Wade Allen, is legally held in custody and under the re-

straint of his liberty by the said Respondent, Jim Bowles, Sheriff.

Thus, the record reflects that the bench and bar also failed to "pay attention to what is included in [the judgment]." The judgment recitals indicate that the trial judge and not the magistrate heard this case from beginning to end. *See Ex parte Stacey,* 682 S.W.2d 348 (Tex.App.—Dallas 1984, pet. granted) and my dissent. It is difficult to understand why it is so hard to draft a final judgment reflecting a magistrate referral and adoption of the magistrate's findings, conclusions and recommendations.

On the record in the present case, I can no more agree that the district judge conducted a hearing on the application for writ of habeas corpus from beginning to end than I could in *Ex parte Stacey,* 682 S.W.2d at 351. In the present case, as in *Stacey,* there is the identical showing in the record negating the presumption of regularity of the proceedings before the district judge. Here, as similar to *Stacey,* the record contains only one court reporter's transcript of the proceedings. That transcript begins with these words:

BE IT REMEMBERED that on the 6th day of February, A.D., 1985, the above styled and numbered cause came on for trial before the HONORABLE PAUL BRAUCHLE, Magistrate sitting for the HONORABLE RON CHAPMAN, Judge of the Criminal District Court of Dallas County, Texas, and that the following is a true, accurate and complete transcript of the proceedings had:

Here, as similar to *Stacey,* the court reporter's transcript ends with this certificate of the Honorable Ron Chapman, Judge of the Criminal District Court of Dallas County, Texas:

The above and foregoing Writ of Habeas Corpus Hearing, certified by the Acting Official Court Reporter, having been presented to me, same is examined and approved as the Writ of Habeas Corpus Hearing in this cause.

Dated this 11 day of March, A.D., 1985.

/s/ Ron Chapman
Judge

Here, as similar to *Stacey,* the only entry on the docket sheet reads:

Feb. 6. 1985 St's 1 (governor's warrant) admitted without objection St's 2 admitted without objection D1 also admitted without objection both sides rest and close Writ denied [appellant] gives notice of appeal appeal bond set at $15,000 /s/Paul Brauchle

Therefore, the court reporter's transcript begins and ends virtually identical to the record in *Stacey.* Furthermore, the docket sheet entry by the magistrate is virtually the same as in *Stacey.* *Stacey,* 682 S.W.2d at 351.

Thus, in the present case, as in *Stacey,* the docket sheet suggests that the district court judge never conducted a hearing in this matter, never heard the application, and never heard testimony. Furthermore, in the present case, as in *Stacey,* the district court judge's own certificate establishes that this proceeding was held before a magistrate. Since the transcript of proceedings and docket sheet show that the February 6, 1985, hearing was held before a magistrate, not the district court judge, the presumption that the district court judge heard the application and testimony stands rebutted. Consequently, in the present case, as in *Stacey,* I am unwilling to blindly accept recitals in the trial court's judgment which would have us believe that two hearings were held in this proceeding, both being held on February 6, 1985, the first hearing being before the magistrate and the second before the district judge. In my view, the district judge used the wrong judgment form in a case heard by a magistrate. Accordingly, I am unwilling to ignore reality and treat that form as sacrosanct. To my mind, therefore, there were no proceedings and no hearing before the district judge in the present case. If there were no proceedings and no hearing before the district judge, then the district judge was incapable of making findings. It must follow that there are no findings by the district judge in the present case. Conse-

quently, the trial court's order authorizing extradition cannot be based on findings by the district judge.

Therefore, I consider if the record contains findings by the magistrate authorizing extradition upon which the district judge could rely. My examination of the record reflects that no findings were made by the magistrate. As pointed out above, article 1918c, section 7(a), provides that "[o]n the conclusion of the proceedings, the magistrate shall transmit to the referring court all papers relating to the cases involved, together with the findings, conclusions, orders, recommendations, or other actions taken." In my view, that language requires that the magistrate make written findings, conclusions and recommendations and transmit these findings, conclusions and recommendations to the district judge for his use and possible action. No required findings were made by the magistrate. Consequently, the trial court's separate order also rendered February 6, 1985, "that the court specifically adopts and ratifies the actions taken by Magistrate Paul Brauchle on behalf of this court in compliance with Article 1918c V.A.C.S." can have no validity. The order can have no validity because there are no written findings, conclusions and recommendations upon which the district judge could adopt and ratify. Accordingly, the trial court's order authorizing extradition cannot be based upon findings by the magistrate.

It follows, and I would so hold, that the trial court's order authorizing extradition must be reversed because the order is not based upon findings by either the magistrate or the district judge. Therefore, I would sustain appellant's fifth ground of error and reverse and remand.

### ON MOTION FOR REHEARING

GUITTARD, Chief Justice.

On August 30, 1985, we affirmed the trial court's denial of William Wade Allen's application for a writ of habeas corpus by which he sought to avoid extradition to Tennessee. Applicant, by motion, now seeks an order allowing him to file a motion for rehearing contending that the amendments to article 44.38 of the Code [1] constitute an ex post facto law in violation of Article I, § 16 of the Texas Constitution. We disagree. Accordingly, we deny applicant's motion and direct the clerk of this court to issue a mandate consistent with our opinion and judgment of August 30, 1985.

On February 6, 1985, the trial court entered an order denying Allen's application for a writ of habeas corpus and further ordered his extradition to Tennessee. The offense for which extradition was sought was an armed robbery alleged to have occurred in Madison County, Tennessee, in July of 1984. Applicant appealed the trial court's denial of his application for writ of habeas corpus to this court and filed his brief, and the case was argued and submitted before June 11, 1985, the effective date of the amendment to article 44.38 of the Code of Criminal Procedure, which abolished the right to a motion for rehearing in extradition appeals when the order approving extradition has been affirmed.[2]

---

1. All references are to the Texas Code of Criminal Procedure unless otherwise indicated.

2. SECTION 2. Article 44.38, Code of Criminal Procedure, 1965 as amended, is amended to read as follows:

   Article 44.38. Judgment Conclusive. (a) The judgment of the Court of Appeals in appeals under habeas corpus shall be final and conclusive if discretionary review is not granted by the Court of Criminal Appeals. If discretionary review is granted, the judgment of the Court of Criminal Appeals under habeas corpus shall be final and conclusive. In either case, no further application in the same case can be made for

the writ, except in cases specially provided for by law.

   (b) Notwithstanding any other provision of this code, where on appeal in a habeas corpus proceeding, the Court of Appeals has

   (1) *affirmed the judgment of a trial court in an extradition proceeding and has, in effect, approved the extradition of the appellant;* or

   (2) reversed the judgment of a trial court in a proceeding in which the issue was whether bail should be granted or whether the amount of bail should be reduced and has, in effect, either granted bail or reduced the amount of bail; The Court of Appeals shall enter judgment on the date of and in conformity with its opinion. *In such cases, no motion for rehearing shall be*

On August 30 we affirmed the trial court's order, and on September 15 applicant tendered his motion for rehearing to the clerk of this court for filing. The clerk initially accepted the motion but then struck through the file mark that had been placed on the motion and returned the motion to applicant. Applicant asserts that the refusal to allow him a motion for rehearing is an ex post facto application of article 44.38, as amended, in violation of Article 1, § 16 of the Texas Constitution because he was entitled to the benefit of the rules in effect at the time he commenced his appeal. We disagree. While it is true that article I, § 16 of the Texas Constitution declares that "No ... ex post facto law ... shall be made," there is no violation of the Texas Constitution in the present case.

Although ordinarily laws changing procedure are not within the prohibition against ex post facto laws, still if a procedural change is retroactive and results in depriving the accused of substantive protection, it is unconstitutional. *Ex parte Abahosh*, 561 S.W.2d 202, 203 (Tex.Crim.App.1978).

■ Since the amendments to article 44.38 do not alter substantive law defining criminal acts or providing for penalties, they are procedural in nature. *Ex parte Johnson*, 697 S.W.2d 605, 607 (Tex.Crim. App.1985). Further, in the absence of express legislative intent to the contrary, the new law controls litigation from its effective date and applies to both pending and future actions. *Id.* Because there is no express legislative intent to the contrary, we hold that the amendments to article 44.38 apply from the effective date of the legislation, namely, June 11, 1985.

■ We now determine whether the amendments to article 44.38, if applied to applicant, are retroactive. In most cases, the date or key event used in determining whether a law is retroactive is the date the crime was committed. *See Ex parte Abahosh*, 561 S.W.2d at 203. If a law takes

effect after the commission of a crime yet acts on that crime, it is retroactive. *Id.*

In *Abahosh*, however, the date or key event used in determining retroactivity was not the date of the offense but the date the defendant pleaded guilty in reliance on the law then in force. The Court of Criminal Appeals held that an amendment to the Code requiring permission of the trial judge for an appeal from a conviction resulting from a plea bargain could not affect the right to appeal of a defendant who pleaded guilty before the amendment became effective, even though sentence was not imposed and notice of appeal was not given until after the effective date of the amendment.

The Court of Criminal Appeals did not focus on the date of the offense but on the date of another event—the date of entry of the pleas of guilty. The corresponding date in the present case is not the date the appeal commenced, or even the date the offense was argued and submitted, but the date of this court's decision, which was after the effective date of the amendment abolishing the right to file a motion for rehearing. Here appellant did nothing before the change in the law—as Abahosh did by his pleas of guilty—that could have been affected by the change.

More nearly in point here is *Millican v. State*, 145 Tex.Cr.R. 195, 167 S.W.2d 188 (Tex.Crim.App.1943). In *Millican*, after a suspended sentence was imposed, the Code was amended to prohibit an appeal from revocation of a suspended sentence. After the amendment became effective, the suspension was revoked, a prison term was assessed, and the defendant attempted to appeal. The Court of Criminal Appeals held that there was no ex post facto violation because the amendment did not alter any right that the defendant had prior to its adoption. *Id.* The defendant had no right of appeal while sentence was sus-

*permitted, and the judgment shall become final at the end of business on the 10th day after entry of judgment, on which date the mandate will issue ....* (emphasis added)

Act of June 11, 1985, ch. 440, § 1, 1985 Tex. Sess.Law Serv. 2993 (Vernon).

**896**

pended before the revocation and, by the amendment, had none thereafter. *Id.*

Accordingly, in this case we decline to look to the time the appeal was commenced, or even the time it was argued and submitted, to determine retroactivity. Instead we look to the date when appellant's right to a rehearing would have come into existence if the amendments had not taken effect. That date was August 30, 1985— the date this court decided appellant's case. Until then, appellant's right to a rehearing was no right at all because the right to a rehearing does not come into existence until the delivery of a decision by the appellate court. Tex.R.Crim.App.P. 208. Therefore, since the decision was not delivered until August 30, 1985, after the amendments' effective date, and appellant took no action before that date that could be affected by the amendments, we hold that the amendments apply to applicant, are not retroactive, and do not violate the constitutional prohibition against ex post facto laws.

Applicant's application for a writ of mandamus against our clerk, which we treat as a motion for an order allowing him to file a motion for rehearing, is DENIED. The clerk is ordered to issue the mandate consistent with our opinion and judgment of August 30, 1985.

