**Willie Bob GOODLOW Appellant,**

v.

**The STATE of Texas Appellee.**

**No. 6–88–038–CR.**

Court of Appeals of Texas,
Texarkana.

Feb. 8, 1989.

Rehearing Denied Feb. 28, 1989.

R.L. Whitehead, Jr., Longview, for appellant.

Charles C. Bailey, Dist. Atty., Mt. Pleasant, for appellee.

GRANT, Justice.

Willie Bob Goodlow appeals from a conviction for delivery of marihuana of less than four ounces but more than one-quarter of an ounce. A jury assessed his punishment at two years of confinement in the Texas Department of Corrections and a fine of $2,500.

In his sole point of error, Goodlow contends that the trial court erred by proceeding to the punishment stage of the trial because application of Tex.Code Crim.Proc. Ann. art. 44.29(b) (Vernon Supp.1989) to his cause violates the prohibition against ex post facto legislation found in U.S. Const. art. I, § 10 and Tex. Const. art. I, § 16.[1]

On August 27, 1986, Goodlow was convicted of the offense of delivery of marihuana of less than four ounces but more than one-quarter ounce. The same jury then assessed his punishment at ten years of confinement in the Texas Department of

---

1. U.S. Const. art. I, § 10 provides in part that: "No State shall ... pass any ... ex post facto law...." Tex. Const. art. I, § 16 provides: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

Corrections. Goodlow then perfected an appeal to this Court. On October 27, 1987, this Court, in an unpublished opinion, reversed the judgment of the trial court and remanded the case to the trial court for a new trial based upon impermissible jury argument at the punishment stage of his trial. The judgment and the mandate both recited that the judgment was reversed in all things and ordered a new trial. On remand, the trial court granted the State's motion to proceed to the punishment stage of the trial. A jury then assessed his punishment at two years of confinement in the Texas Department of Corrections and a fine of $2,500.

Article 44.29(b) provides in part that:

If the court of appeals ... awards a new trial to the defendant only on the basis of an error or errors made in the punishment stage of trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial....

The effective date of this amendment was August 31, 1987. (Act of May 26, 1987, ch. 179, 1987 Tex.Gen. Laws 1387). This article is directed to the trial court. *Ex parte Sewell,* 742 S.W.2d 393 (Tex.Crim.App. 1987) (Opinion on motion for rehearing); *Ex parte Klasing,* 738 S.W.2d 648 (Tex. Crim.App.1987) (Opinion on motion for rehearing).

■■■■ The ex post facto prohibition bars the enactment of any law which exacts a punishment for an act which was not punishable at the time it was committed or which imposes a greater punishment than that prescribed when the act was committed. *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17, 22 (1981). Laws which do not amend substantive law by defining criminal acts or providing for penalties are procedural in nature. *Ex parte Johnson,* 697 S.W.2d 605, 607 (Tex.Crim. App.1985); *Ex parte Allen,* 699 S.W.2d 886, 895 (Tex.App.–Dallas 1985, pet. ref'd) (Opinion on motion for rehearing). Remedial or procedural laws are not usually within the ex post facto prohibition. *Ex parte Allen, supra;* 18 Tex.Jur.3d *Criminal Law* § 11 (1982); 1 C. Torcia, *Wharton's Criminal Law* § 13 (14th ed. 1978). A procedural statute is not ex post facto merely because it works to a defendant's disadvantage. *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344, 356 (1977). However, if a procedural change is retroactive *and* results ina deprivation of a substantive protection it is unconstitutional. *Ex parte Abahosh,* 561 S.W.2d 202, 203 (Tex.Crim.App. [Panel Op.] 1978); *Ex parte Allen, supra.*

■■■ A statute is presumptively prospective in application unless it is expressly made retrospective. *Nichols v. State,* 754 S.W.2d 185, 204 (Tex.Crim.App.1988); *Ex parte Abahosh, supra,* at 204; *Ridyolph v. State,* 545 S.W.2d 784, 786 (Tex.Crim.App. 1977); *Pesch v. State,* 524 S.W.2d 299, 301 (Tex.Crim.App.1975); Tex.Gov't Code Ann. § 311.022 (Vernon 1988). A procedural statute controls litigation from its effective date, *Granviel v. State,* 552 S.W.2d 107, 117 (Tex.Crim.App.1976), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977), and it may be applied to trials for offenses committed before its effective date and to proceedings pending at the time of its enactment. 18 Tex.Jur.3d *Criminal Law* § 11 (1982).

■■■ Goodlow contends that, although Article 44.29(b) is a procedural statute, its application in this instance is unconstitutional because it deprives him of substantive protections. Goodlow first argues that the application of this statute to his case deprives him of the right to a new trial on guilt-innocence which was a right he had when the offense was committed. This court determined that Goodlow had received a trial on guilt or innocence in which there was no harmful error. The Constitution does not require that a defendant receive two error-free trials on guilt or innocence.

He does assert that his case is similar to *Ex parte Bonham,* 707 S.W.2d 107 (Tex. Crim.App.1986). In *Bonham,* the Court held that the retroactive application of Tex. Penal Code Ann. § 12.46 (Vernon Supp.

1989) (permitting a conviction to be used more than once for enhancement purposes) to offenses committed before its effective date violated the constitutional prohibition against ex post facto laws. In *Bonham,* the statute subjected the defendant to a harsher penalty. In the instant case, Goodlow is not subjected to a harsher penalty: he is merely denied the privilege of relitigating an error-free stage of the proceedings.

Goodlow further contends that the trial court's application of Article 44.29(b) deprived him of his right of appeal. During the oral argument of this case, appellant's counsel maintained that Goodlow relied upon the judgment and mandate of this Court as an indication that he would receive a new trial, on guilt-innocence and on punishment. On the basis of these directions, counsel argues, further appellate review was not pursued.

First, the judgment and mandate from this Court should have been construed with the opinion finding error only in the punishment stage and Tex.Code Crim.Proc.Ann. art. 44.29(b) which required the trial court to proceed to trial at the punishment stage.

We next observe that federal constitutional considerations have never mandated that states afford convicted criminal defendants appellate review. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *McKane v. Durston,* 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894). Convicted criminal defendants in Texas do enjoy a prescribed first appeal as a matter of right; however, discretionary review by the Court of Criminal Appeals is not a matter of right. Tex. Const. art. V, § 5; Tex.Code Crim.Proc.Ann. arts. 4.04, 44.02 (Vernon Supp.1989); Tex.R.App.P. 200(b). Furthermore, Goodlow did not file a motion for rehearing or seek further review by the Court of Criminal Appeals on the points of error overruled by this Court. Thus, Goodlow has not been deprived of his right to appeal.

Goodlow contends that his predicament is similar to that of the defendant in *Ex parte*

*Abahosh, supra.* *Abahosh* concerned the 1977 amendment to Tex.Code Crim.Proc. Ann. art. 44.02, which limited a defendant's right to appeal from judgments entered upon guilty pleas in certain plea bargain situations. In *Abahosh,* the defendant had pled guilty, and the judgment had been entered prior to the effective date of the amendment. The application of the amendment deprived the defendant of a "substantive protection," his right to appellate review. Goodlow, however, was not barred from seeking appellate review: he did in fact have this Court's review of his case, and he did have the opportunity to seek further review.

The instant case is more nearly akin to *Ex parte Allen, supra.* In *Allen,* the court considered the application of the 1985 amendment to Article 44.38, which abolished the right to a motion for rehearing in extradition appeals when the order approving extradition had been affirmed. In its consideration of the retroactivity issue, the court looked to the date the appellant's right to a rehearing would have come into existence, the date of its decision. *Ex parte Allen, supra,* at 896. The court then reasoned that since its decision was not rendered until after the effective date of the amendment, and since the appellant's right could not accrue until after the decision was rendered, the application was not retroactive.

Similarly, any right Goodlow had to a new trial on guilt-innocence could not have existed until this Court held that the trial court had committed reversible error. Since this Court's judgment was rendered after the effective date of the amendment, Goodlow was not retroactively deprived of a substantive right.

Accordingly, we affirm the judgment of the trial court.