William KLASING, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–117–CR.

Court of Appeals of Texas,
Corpus Christi.

May 18, 1989.

Rehearing Denied June 15, 1989.

Douglas Tinker, Jon Muschenheim, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before KENNEDY, UTTER and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

William Klasing was tried and convicted by a jury for murder, and that jury assessed punishment, enhanced by two prior felony convictions, at life imprisonment. The judgment was affirmed by this Court in *Klasing v. State*, 662 S.W.2d 789 (Tex. App.—Corpus Christi 1983, pet. ref'd). Later, on a writ of habeas corpus, the Texas Court of Criminal Appeals set aside the judgment of conviction and remanded the case for trial on the ground that there was insufficient evidence to show that appellant committed the second prior felony subsequent to the date of the first prior felony. *Ex parte Klasing*, 738 S.W.2d 648 (Tex. 1987). The trial court then impanelled a jury for a hearing on the punishment phase of the trial alone. The jury found that appellant had been convicted once before of a felony offense, and assessed punishment at life imprisonment. Appellant brings eight points of error in the present appeal, contending that the trial court erred in granting a new trial on the issue of punishment alone, in admitting into evidence exhibits from the previous trial, and in failing to grant a mistrial after the prosecutor's improper remarks during final argument.

By his first through third points of error, appellant complains that retrying him on punishment alone violates the federal and state constitutional provisions prohibiting ex post facto laws and guaranteeing due process of law and trial by jury.

The State concedes that the law in effect at the time appellant was first tried re-

quired the same jury that determined guilt to assess punishment. Tex.Code Crim. Proc.Ann. art. 37.07(2)(b) (Vernon 1981) (amended). This meant that, in cases where the jury assessed punishment and reversible error was present in the punishment phase alone of the trial, any remand still required a completely new jury trial on both guilt and punishment, and an appellate court could not remand for a new trial on punishment only. *Hickman v. State,* 548 S.W.2d 736 (Tex.Crim.App.1977). In 1987, however, Article 44.29 was amended to provide that:

> If the court of appeals or the Court of Criminal Appeals awards a new trial to the defendant only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, Article 37.07, of this code. . . .

Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1989). Article 37.07(2)(b) (Vernon Supp.1989) was simultaneously amended to allow for this exception to the general rule that the same jury that determines guilt must assess punishment.

In the absence of an express legislative intent to the contrary, a procedural statute controls litigation from its effective date and applies to both pending and future actions. *Wade v. State,* 572 S.W.2d 533 (Tex.Crim.App.1978); *Wilson v. State,* 473 S.W.2d 532, 535 (Tex.Crim.App.1971). Appellant argues by his first point, however, that application of the amended procedure for re-trial to the present case would violate federal and state constitutional prohibitions against ex post facto laws. U.S. Const. art. I, § 9, cl. 3; Tex. Const. art. I, § 16.

The federal and state constitutions generally prohibit as *ex post facto* the application of laws in a manner which retroactively subjects a person's actions to criminal prosecution, or criminal actions to a potentially more onerous punishment, but allow a retroactive change in the procedures whereby it is determined whether a person has committed a criminal act, or what punishment is appropriate. *Dobbert v. Florida,* 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977); *Chalin v. State,* 645 S.W.2d 265, 271 (Tex.Crim.App. 1982). Laws which affect the remedy or procedure merely are not within the scope of the inhibition against retroactive laws, unless the remedy be entirely taken away, or so encumbered with conditions as to render it useless or impracticable. *Ex parte Roper,* 134 S.W. 334, 339 (Tex.Crim. App.1911). In other words, a retroactive procedural change is constitutional unless it deprives the accused of substantial protection. *Ex parte Abahosh,* 561 S.W.2d 202 (Tex.Crim.App.1978).

■ We hold that the accused does not have a substantial right to have the same jury that determines guilt assess punishment, and that the retroactive application of the amended Article 44.29(b) to cases originally tried before the effective date of the amendment does not violate prohibitions against ex post facto laws in the federal and state constitutions. *See Cooper v. State,* 769 S.W.2d 301 (Tex.App.— Houston [1st Dist.] 1989).

In an analogous *ex post facto* challenge in *Ex parte Johnson,* 697 S.W.2d 605 (Tex. Crim.App.1985), the Court sanctioned the retroactive application of an amendment to Article 37.10 which allowed the Court to reform verdicts to omit any unauthorized punishment, rather than to remand for a new trial as was required under the old law as it stood at the time of trial. Before the amendment, if any portion of the verdict was unauthorized, a judgment based on that verdict was considered void. *Id.* at 607. The amendment merely recognized that the unauthorized portion of the verdict could be deleted without disturbing or nullifying the rest of the verdict. Similarly, in the present case, the amendment allowing retrial on punishment alone recognizes that an error in that phase of the trial should not in effect invalidate an otherwise legit-

imate determination of guilt. In both cases, the amendments merely recognized that an error in one particular aspect of the punishment phase of the trial should not invalidate everything that the jury has determined. Appellant's first point of error is overruled.

■ By his second point of error, appellant complains that the application of the amended Article 44.29(b) deprived him of his right to due process of law under U.S. Const. amend. V, and Tex. Const. art. I, § 19. Appellant argues that, even though the retroactive application of a new law may not always violate the prohibition against ex post facto laws, it does violate due process. As a general rule procedural statutes apply to pending litigation. *Wade*, 572 S.W.2d at 533; *Wilson*, 473 S.W.2d at 535. We see no reason to now hold that these applications violate the fundamental fairness guaranteed by procedural due process. *See Abahosh*, 561 S.W.2d at 204. Appellant's second point of error is overruled.

■ By his third point of error, appellant complains that the application of the amended Article 44.29(b) deprived him of his right to trial by jury under U.S. Const. amends. VI & XIV, and Tex. Const. art. I, § 15. Appellant argues that the right to have the same jury that determined guilt assess punishment is an element of the right to trial by jury. The constitutional right to trial by jury, however, does not include any right to have a jury assess punishment, which is a statutory right that the Legislature may alter or abolish. *Ex parte Moser*, 602 S.W.2d 530, 533 (Tex. Crim.App.1980); *Bullard v. State*, 548 S.W.2d 13 (Tex.Crim.App.1977). Appellant's third point of error is overruled.

By his fourth point of error, appellant complains generally that the trial court erred in improperly admitting all the exhibits from the previous trial into evidence without any showing of admissibility at the second trial, denying appellant's constitutional right to confront and cross-examine witnesses against him under U.S. Const. amends. VI & XIV, and Tex. Const. art. I, § 10.

Before testimony began at the second trial, the prosecutor offered into evidence the exhibits from the first trial. At that time, defense counsel objected on what appeared to be grounds of relevance, claiming that the jury had no reason to know the evidence presented at the first trial. The trial court overruled appellant's objection, noting that under Article 44.29(b) the second jury is entitled to know the circumstances surrounding the commission of the offense.

Generally, to preserve asserted error for review on appeal, a defendant must object in a timely and specific manner at trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim.App.1986); *Granviel v. State*, 552 S.W.2d 107, 121 (Tex.Crim.App.1976). If an objection made in the trial court differs from the complaint made on appeal, a defendant has not preserved any error for review. *Thomas*, 723 S.W.2d at 700; *Vanderbilt v. State*, 629 S.W.2d 709, 721 (Tex. Crim.App.1981); *Crocker v. State*, 573 S.W.2d 190, 205 (Tex.Crim.App.1978); *Williams v. State*, 549 S.W.2d 183, 187 (Tex.Crim.App.1977).

■ In the present case, appellant has not preserved his complaint for review because he failed to raise his constitutional confrontation and cross examination rights in the trial court as grounds for laying a separate predicate for readmitting exhibits from the first trial at the second. Appellant's fourth point of error is overruled.

■ By his fifth point of error, appellant complains on the same constitutional grounds as his fourth point, specifically that the trial court erred in allowing the jury in the second trial to examine a laboratory report re-admitted into evidence from the first trial. Appellant seems to contend that a post-verdict objection to letting this exhibit go to the jury was sufficient to preserve error. However, as we discussed in relation to the fourth point, to preserve asserted error for review on appeal, a defendant must object in a timely and specific manner at trial. *Thomas*, 723 S.W.2d at 700; *Granviel*, 552 S.W.2d at 121. In order to be considered timely, the

objection must be made as soon as the ground of objection becomes apparent. *Thompson v. State,* 691 S.W.2d 627, 635 (Tex.Crim.App.1984). Because appellant failed to object timely, error was not preserved and his fifth point of error is overruled.

By his sixth through eighth points of error, appellant complains that the trial court erred in overruling his motions for mistrial based on improper jury argument by the prosecutor. In three separate instances during his final closing argument, the prosecutor made remarks to which appellant objected. In each instance, the trial court sustained the objection and instructed the jury to disregard the remarks. After the prosecutor completed his argument and the jury retired to begin deliberations, appellant moved for a mistrial for each of the prosecutor's allegedly improper remarks. The trial court overruled each as untimely.

The proper method of preserving error in cases of prosecutorial misconduct is to object on specific grounds, request an instruction that the jury disregard the comment, and move for a mistrial. *Koller v. State,* 518 S.W.2d 373 (Tex.Crim.App.1975); *Barnes v. State,* 716 S.W.2d 684, 686 (Tex. App.—Corpus Christi 1986, pet. ref'd). A motion for mistrial following the conclusion of the arguments, however, comes too late and no error is preserved. *Williams v. State,* 427 S.W.2d 868, 873 (Tex.Crim.App. 1967); *Bridges v. State,* 656 S.W.2d 505, 508 (Tex.App.—Tyler 1982, pet. ref'd). Appellant's sixth through eighth points of error are overruled.

The judgment of the trial court is affirmed.