Francisco **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 003–90.

Court of Criminal Appeals of Texas, En Banc.

May 15, 1991.

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Dist. Atty., and Theodore C. Hake, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

---

## OPINION

CAMPBELL, Judge.

An Hidalgo County jury found appellant, Francisco Rodriguez, guilty of aggravated robbery. Tex. Penal Code § 29.03(a)(2). Punishment, enhanced by one prior felony conviction, was assessed by the jury at imprisonment for 25 years. On appeal, appellant contended the trial court erred in including the parole law instruction in the jury charge.[1] The Thirteenth Court of Appeals agreed and remanded the cause to the trial court for reassessment of punish-

1987).

ment under Tex.Crim.Proc.Code art. 44.-29(b). *Rodriguez v. State*, 745 S.W.2d 572 (Tex.App.—Corpus Christi 1988, pet. ref'd). On remand, the trial court assessed appellant's punishment at imprisonment for twelve years. Appellant then appealed a second time, contending that Article 44.-29(b), as applied to him,[2] was unconstitutionally retroactive and ex post facto. The court of appeals disagreed. *Rodriguez v. State*, 779 S.W.2d 884 (Tex.App.—Corpus Christi 1989). We granted appellant's petition for discretionary review, pursuant to Tex.R.App.Proc. 200(c)(1), in order to consider the correctness of the court of appeals' decision.

The question of the validity of Article 44.29(b) under our state and federal constitutional ex post facto and retroactive legislation clauses was decided adversely to appellant in *Grimes v. State*, 807 S.W.2d 582 (Tex.Cr.App.1991).

The judgment of the court of appeals is affirmed.

BENAVIDES, J., not participating.

---

**2.** Appellant's offense was committed before the effective date of Article 44.29(b).