The STATE of Texas, Appellant,

v.

Rogelio CANNADY, Appellee.

No. 13–95–141–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 4, 1996.

George P. Morrill, II, District Attorney, Beeville, Herbert B. Hancock, Assistant District Attorney, Beeville, for appellant.

Kaye Ellis Stone, Texas Dept. of Criminal Justice, Huntsville, Debbie S. Holmes, Inmate Legal Services, Texas Dept. of Criminal Justice, Huntsville, for appellee.

Before YAÑEZ, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

CHAVEZ, Justice.

On November 16, 1995, we initially issued our opinion reversing and remanding this case to the trial court. Appellee has since filed a motion for rehearing. The motion for rehearing is granted. We now withdraw our previous opinion and substitute the following in its place.

Appellee, Rogelio Cannady, was convicted of two murders in 1991 and assessed two consecutive life sentences. While incarcerated in the Institutional Division, appellee killed a fellow inmate on October 10, 1993. The State indicted appellee for capital murder under a newly amended statute.[1] Because appellee was serving two life sentences for two previous murders when he allegedly committed the present murder, this aggravated the present offense to capital murder. In response, appellee filed a motion to quash the aggravating portions of the State's indictment. The trial court quashed the allegations. By two points of error, the State contends that the trial court erred in its ruling, thereby barring prosecution of appellee for capital murder. We reverse the trial court's order quashing the indictment and remand the cause to the trial court for trial.

Relying on § 19.03(a)(6) of the Texas Penal Code, the State indicted appellee for capital murder. Section 19.03(a)(6), the Capital Murder Statute, provides:

(a) A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:

(6) the person, while serving a sentence of life imprisonment or a term of 99 years for the commission of any offense listed in Section 3g(a)(1),[2] Article 42.12, Code of Criminal Procedure, murders another.

Act of June 16, 1993, 73rd Leg., R.S., ch. 715, § 1, 1993 Tex.Sess.Law Serv. 2800 (amended 1993).

The legislature provided that § 19.03(a)(6) of the Penal Code would become effective on September 1, 1993. Act of June 16, 1993, 73rd Leg., R.S., ch. 715, § 3, 1993 Tex.Sess. Law Serv. 2801 (amended 1993). This section was added by Senate Bill 818. Section 2(a) of Senate Bill 818 provided:

(a) The change in law made by this Act applies only to a defendant convicted of an offense committed on or after the effective date of this Act. For purposes of this section, *an offense is committed before the*

---

1. Act of June 16, 1993, 73rd Leg., R.S., ch. 715, § 1, 1993 Tex.Sess.Law Serv. 2800, *amended by* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Sess.Law Serv. 3586, 3613 (current version at Tex.Penal Code Ann. § 19.03(a)(6) (Vernon 1994)).

2. The offenses listed in § 3g(a)(1) are murder, capital murder, indecency with a child, aggravated kidnapping, aggravated sexual assault, and aggravated robbery. Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(1) (Vernon Supp.1995).

*effective date of this Act if any element of the offense occurs before the effective date.*

Act of June 16, 1993, 73rd Leg., R.S., ch. 715, § 2, 1993 Tex.Sess.Law Serv. 2801 (amended 1993) (emphasis added).

In quashing the aggravating portion of the indictment, the trial court ruled as follows:

> Motion to Quash Indictment that enhancement part is defective for and as a matter of law; that prior offenses occurred prior to the effective date of the law making alleged offense Capital. That there was in addition a violation of Art. [3.03] P. C. about stacking punishing [sic] in one Criminal Episode as was done in the two prior convictions in Cameron County. That as a matter of law the two convictions can not be used in present form to secure a death or life punishment[.] The Motion to Quash the enhancement part of the indictment is hereby granted[,] [l]eaving the murder charge or allegation intact and for trial.

The State's first point of error contends that appellee's motion to quash should have been overruled because the indictment alleged all the requirements to properly elevate appellee's offense from murder to capital murder under § 19.03(a)(6) of the Penal Code: 1) a person; 2) serving a sentence of life or 99 years; 3) for an offense listed in § 3g(a)(1), Art. 42.12, Code of Criminal Procedure; 4) who murders another. *See* Act of June 16, 1993, 73rd Leg., R.S., ch. 715, § 1, 1993 Tex.Sess.Law Serv. 2800 (amended 1993).

Appellee, on the other hand, contends that his prior offenses, which occurred in June 1990, and his convictions, which occurred in January 1991, constitute "elements" under the Capital Murder Statute. As these "elements" occurred prior to the effective date of the statute, September 1, 1993, appellee contends he cannot be convicted of capital murder.

Furthermore, appellee claims that the offense of murder was not listed in § 3g(a)(1) of the Code of Criminal Procedure at the time he was originally convicted of murder. Appellee claims that a subsequent amendment cannot be used to reclassify his convictions, and as such, is an ex post facto application of the law.

The issue in this case is whether the State is barred from indicting a defendant under Texas Penal Code § 19.03(a)(6) for capital murder when the defendant has already begun serving a sentence of life imprisonment or a term of 99 years for a § 3g(a)(1) offense prior to the statute's effective date.

In accord with principles of statutory construction, we attempt to give effect to the intent of the legislature in enacting this statute by interpreting its literal language. *Murdock v. State,* 870 S.W.2d 41, 42 (Tex. Crim.App.1993); *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). However, the provision providing that "an offense is committed before the effective date of this Act if *any element* of the offense occurs before the effective date" is susceptible to different, yet reasonable, interpretations. *See* Act of June 16, 1993, 73rd Leg., R.S., ch. 715, § 2, 1993 Tex.Sess.Law Serv. 2801 (amended 1993) (emphasis added). That is, by reasonable interpretation, does the legislation require that "elements of the offense," which must occur after September 1, 1993, include the date of commission of prior offenses and convictions, or the serving of a long-term sentence? Because the fair, objective meaning of this statute is subject to different interpretations, we turn to legislative history for clarification. *Murdock,* 870 S.W.2d at 42.

In the 1993 legislative session, the Texas Senate Criminal Justice Committee considered Senate Bill 818. The bill's purpose was to deter inmates who were serving life sentences and 99–year terms in penal institutions from killing fellow inmates. At the bill's public hearing, legislators disclosed that since the mid–1980's, approximately fifty inmates had been murdered in the Institutional Division of the Texas Department of Corrections. Because of recent decisions from the court of criminal appeals, legislators feared a significant increase in murders within penal institutions.

Appellee's interpretation that a defendant's original offense and resulting conviction are elements of capital murder, which must occur after the effective date of the statute, does not give effect to the legisla-

ture's intent to thwart the anticipated increase in murders. The legislature was not concerned with either the date of a defendant's offense or the date of conviction. Instead, legislators were concerned with individuals who committed murder while already serving long-term sentences for § 3g(a)(1) offenses. It was evident to the legislature that the long-term sentences had no deterrent effect on these persons. The amendment sought to address this concern.

■ We hold that the previous offenses and convictions of appellee are not "elements" of Penal Code § 19.03(a)(6), and thus, the State is not barred from indicting appellee for capital murder.

■ Moreover, in addressing appellee's ex post facto argument, we do not find that the reclassification of murder as a § 3g(a)(1) offense was applied retroactively to appellee. The ex post facto prohibition bars the enactment of any law which exacts a punishment for an act which was 1) *not punishable at the time it was committed,* or 2) *which imposes a greater punishment than that prescribed when the act was committed. Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981); *Rodriguez v. State,* 779 S.W.2d 884, 885 (Tex.App.—Corpus Christi 1989), *aff'd,* 808 S.W.2d 496 (Tex. Crim.App.1991). This prohibition seeks to assure that legislative acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed. *Weaver,* 450 U.S. at 28–29, 101 S.Ct. at 964. Critical to a defendant's relief under the ex post facto prohibition is lack of fair notice and governmental restraint once the legislature increases punishment beyond what was prescribed when the crime was consummated. *Id.* at 30, 101 S.Ct. at 965.

■ Appellee's argument fails both prongs of the ex post facto prohibition. At the time appellee committed the two murders for which he was initially incarcerated, both murders were punishable, and greater punishment was not imposed on appellee than that prescribed when the crimes were consummated.

Likewise, at the time appellee allegedly committed murder while incarcerated, the act was punishable at the time of consummation under the Capital Murder Statute. Further, the statute did not retroactively impose a greater punishment than that already prescribed on the date appellee allegedly committed the murder in prison, October 10, 1993; the statute in question had already become effective on September 1, 1993. Since the statute's amendment became effective before appellee consummated the alleged crime, we determine that appellee had fair notice that capital murder was a possible punishment. Thus, the State's first point of error is sustained.

In its second point, the State urges that the trial court should not have quashed the enhancement part of the indictment because the court believed appellee's prior convictions had been stacked in error. During trial, appellee's counsel argued that appellee's plea bargain violated § 3.03 of the Texas Penal Code because it required that his sentences be served consecutively, even though the offenses arose out of the same criminal episode and were prosecuted in a single criminal action. The trial court agreed and granted appellee's "Motion to Quash Certain Allegations in the Indictment," in part, because of this argument.

The court of criminal appeals recently held that a defendant who pleads guilty in two hearings, one immediately after the other, is not tried in a single criminal action. *Ex parte Pharr,* 897 S.W.2d 795, 796 (Tex.Crim. App.1995). Thus, resulting sentences may run consecutively. *Id.* Appellee concedes in his appellate brief that the stacking of his prior convictions is valid because he pleaded guilty in back-to-back plea hearings. Therefore, appellant's second point of error is sustained.

In a "further point in support of the trial court's order," appellee contends that § 19.03(a)(6) is unconstitutional. Appellee insists that we are required to address the merits of this constitutional challenge. We disagree.

■ A facial challenge to a legislative act is the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under

which the Act would be valid. *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987); *Santikos v. State*, 836 S.W.2d 631, 633 (Tex.Crim.App. 1992), (*Briggs v. State*, 789 S.W.2d 918, 923 (Tex.Crim.App.1990)), *cert. denied*, 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992). In order to have standing to challenge the constitutionality of a statute, the challenger must first demonstrate an adverse impact on his rights. *Ulster County Court v. Allen*, 442 U.S. 140, 154–55, 99 S.Ct. 2213, 2223, 60 L.Ed.2d 777 (1979); *Santikos*, 836 S.W.2d at 633. As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations. *Allen*, 442 U.S. at 155, 99 S.Ct. at 2223; *Broadrick v. Oklahoma*, 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973); *Santikos*, 836 S.W.2d at 633. When challenging the constitutionality of a statute, it is incumbent upon a defendant to show that in its operation, the complained of statute is unconstitutional to him in his own situation; that it may be unconstitutional to others is not sufficient. *Briggs*, 789 S.W.2d at 924–25 n. 7; *Parent v. State*, 621 S.W.2d 796, 797 (Tex.Crim.App. [Panel Op.] 1981).

■ Appellee claims that the statute's classification of offenders is unconstitutional because it arbitrarily narrows the aggravating circumstance which makes the offense capital only to those persons serving time for a ninety-nine year or life sentence. More specifically, appellee contends in his appellate brief that "the difference between a 98–year sentence and a 99–year sentence for the same offense would not indicate a difference in the seriousness of the offense.... Since this distinction is the basis of determining whether a defendant can be prosecuted for capital murder ..., it appears not to pass rational basis review."

Although appellee attacks the constitutionality of the ninety-nine year sentence in his appellate brief, he does not challenge that portion of the statute that applies to him—"a person commits an offense ... while serving a sentence of *life imprisonment*." Act of June 16, 1993, 73rd Leg., R.S., ch. 715, § 1,

1993 Tex.Sess.Law Serv. 2800 (amended 1993) (emphasis added). By solely alleging that the ninety-nine year requirement is unconstitutional and only giving support for this contention, appellee has failed to show that § 19.03(a)(6), as applied to his life sentence is unconstitutional. Appellee does not have standing to challenge the constitutionality of the statute's ninety-nine year requirement as it may apply to others.

Accordingly, we REVERSE the order of the trial court quashing the indictment and REMAND the cause to the trial court for trial.