**Affirmed and Memorandum Opinion filed August 27, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00514-CR

### PAUL WAYNE HARRIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 11-DCR-057904**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Paul Wayne Harris of aggravated assault with a deadly weapon and sentenced him to confinement for eighteen years in the Institutional Division of the Texas Department of Criminal Justice. Further, the jury assessed a fine of $8,000.

In his sole issue on appeal, appellant claims defense counsel provided ineffective assistance of counsel by failing to object to an alleged continuing pattern of errors. For the reasons stated below, we affirm.

## BACKGROUND

The complainant called 911 and when police arrived at her apartment, she reported that appellant, her husband, had threatened her with a handgun. The complainant had filed for divorce several days earlier. Appellant admitted to a detective that he was present in the parking lot of the complainant's apartment that day but denied threatening her or having a gun. The jury found appellant guilty and assessed a prison sentence and a fine.

## STANDARD OF REVIEW

The United States and Texas Constitutions guarantee a criminal defendant the effective assistance of counsel. U.S. Const. Amend. VI; Tex. Const. art. I, § 10. Under the standard announced by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), an appellant must show both "deficient performance of trial counsel and harm resulting from that deficiency that is sufficient to undermine the confidence in the outcome of the trial" by a preponderance of the evidence. *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013). Failure to make either showing defeats the ineffectiveness claim. *See id.*

Our review of the reasonableness of trial counsel's conduct is highly deferential. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). We view the conduct in its context at the time, and apply a "strong presumption" that counsel's conduct "falls within a wide range of reasonable professional assistance." *Id.* "[I]n almost all cases," direct appeal is an inadequate vehicle for

raising an ineffective-assistance claim because the record is generally underdeveloped. *Id.* at 102; *see also Massaro v. United States*, 538 U.S. 500, 504–05 (2003). Trial counsel ordinarily should be afforded an opportunity to explain counsel's actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). Absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective-assistance claim. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). It is a rare case in which trial counsel's ineffectiveness is apparent from the record and an appellate court may address and dispose of the claim on direct appeal. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

When trial counsel has not had an opportunity to explain counsel's actions or inactions, an appellate court cannot find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). More specifically, it must be apparent from the record "that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Lopez*, 343 S.W.3d at 143.

## ANALYSIS

Appellant claims counsel's performance was deficient in that he failed to preserve error or, where appropriate, make an offer of proof in nine instances. We address each in turn.

Appellant first complains that his counsel failed to object when the trial court foreclosed questions during the guilt-innocence phase of trial concerning the complainant's application to the Victim Compensation Fund. The record reflects

that on cross-examination, defense counsel asked the complainant about seeking moving assistance from the Victim Compensation Fund. Following numerous questions on the topic, the following exchange occurred:

> THE COURT: I do not follow why this has anything to do with this case.
>
> [DEFENSE COUNSEL]: Judge, it goes directly to credibility if we can get an answer.
>
> THE COURT: That is not part of this case. Move on.

Counsel asked another question about the amount of compensation and the trial court conducted a conference at the bench out of the hearing of the jury.

> THE COURT: First of all, victim compensation payments are never relevant to any type of case. Number two, it happened subsequent to the events in question. They don't go to the question --
>
> [DEFENSE COUNSEL]: I'll get off this, Judge. That's fine.

The record reflects the topic was not foreclosed as appellant claims. We cannot say it was not reasonable trial strategy for defense counsel to accept the trial court's direction to move on after the topic had been explored to a considerable degree. *See Bone,* 77 S.W.3d at 830 (holding court may not reverse conviction when counsel's actions or omissions may have been based upon tactical decisions, but record contains no specific explanation for counsel's decisions).

The second instance raised is defense counsel's failure to object to Detective Roman's testimony in the guilt-innocence phase that appellant gave a statement in which he admitted to being at the complex where the complainant lived on the day in question. Appellant complains the State failed to lay any predicate as to whether appellant was in custody or the statement was voluntary, and he cites article 38.22 of the Texas Code of Criminal Procedure for the proposition that it controls the use

4

of an accused's statement. Section 3 of article 38.22 provides that no oral statement of an accused made as a result of custodial interrogation shall be admissible against the accused unless certain conditions are met. Tex. Code Crim. Proc. Ann. § art. 38.22 § 3 (West Supp. 2014). Appellant makes no claim that he was in custody when the statement was made, that it was not voluntary, or that the testimony was otherwise inadmissible. *See* Tex. R. Evid. 803(24) (statement against interest exception to the rule against hearsay). "[T]he failure of trial counsel to object to admissible evidence does not constitute ineffective assistance of counsel." *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992). Moreover, the record is silent as to why defense counsel did not object to Roman's testimony. When the record contains no specific explanation for counsel's decisions, we may not reverse a conviction on ineffective-assistance-of-counsel grounds when counsel's actions or omissions may have been based upon tactical decisions. *Bone,* 77 S.W.3d at 830.

Third, appellant argues defense counsel failed to object when the trial court foreclosed further questions regarding the complainant's sexually transmitted disease. Appellant's record references are to his testimony during the punishment phase, and he asserts the trial court acted "without objection by the State." The record reflects that a number of questions were asked on this topic before the State objected on the grounds of relevance. The trial court sustained the relevance objection. Defense counsel asked two additional questions on the same topic before the State objected again, citing lack of relevance. The trial court sustained this objection as well. The record does not support appellant's claim that the trial court foreclosed questioning without objection. Thus, counsel did not perform deficiently by failing to object to such a foreclosure.

The fourth instance of which appellant complains occurred during the punishment phase, when the trial court directed defense counsel to move on. Defense counsel asked appellant if he had seen State's Exhibit Nos. 10, 11, 12, and 13, photographs of the complainant that depicted injuries she received on a prior occasion, for which appellant was arrested. The record reflects the following exchange:

> Q. Okay. And on State's Exhibit No. 10, I think, her lip is swollen; and would you agree with me it looks like her lip is swollen?
>
> A. I agree her lip is swollen.
>
> Q. And on State's Exhibit No. 11, it also looks like it's pretty swollen and there's some blood under her lip, too? Same thing with --
>
> THE COURT: We've already seen these photographs. Move on with your questioning.

The trial court's direction to move on followed two questions describing the contents of photographs already admitted into evidence. The record is silent as to why defense counsel complied with the trial court's direction to move on. Because the photographs had been admitted into evidence and the jury had seen the injuries for themselves, we cannot say no reasonable trial strategy could justify trial counsel's compliance. *See Simms v. State*, 848 S.W.2d 754, 757 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) ("Matters of trial strategy will be reviewed only if counsel's actions are without any plausible basis.").

In the fifth and sixth instances, appellant asserts defense counsel was deficient during the punishment phase for failing to object or make an offer of proof when the trial court cut off questioning pertaining to guilt-innocence. Appellant does not dispute the trial court's characterization of the questions. To successfully assert that defense counsel's failure to object amounted to ineffective assistance, appellant must show the trial court would have committed error in

6

overruling such an objection. *See Ex parte Martinez,* 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). A defendant does not have the right to retry his guilt or innocence during the punishment phase of trial. *Rodriguez v. State*, 779 S.W.2d 884, 889 (Tex. App.—Corpus Christi 1989), *aff'd*, 808 S.W.2d 496 (Tex. Crim. App. 1991); *Goodlow v. State*, 766 S.W.2d 352, 354 (Tex. App.—Texarkana 1989, pet. ref'd). Because appellant has not shown the trial court would have erred in overruling an objection, defense counsel was not ineffective for failing to object.

Appellant's seventh and eighth instances of claimed ineffective assistance concern the trial court's direction to defense counsel during the punishment phase to move on. Appellant asserts that defense counsel should have objected to the trial court reprimanding him in the jury's presence, as follows:

> THE COURT: The clock is being managed by me, [defense counsel], and let's get this moved on.
>
> . . .
>
> THE COURT: We've covered that. Don't replow the same ground.
>
> [Defense counsel]: No, it's a completely different question.
>
> THE COURT: It is actually the same ground. Move on.
>
> [Defense counsel]: Judge, may I approach?
>
> THE COURT: No sir. You can ask your questions.

If it becomes necessary to reprimand counsel, it is preferable to do so outside the presence and hearing of the jury. "Nonetheless, to constitute reversible error, a comment by the trial judge must be calculated to injure the rights of the accused or it must appear from the record that the accused has not had a fair and impartial trial." *Gonzales v. State*, 2 S.W.3d 600, 607 (Tex. App.—Texarkana 1999, pet. ref'd) (citing *Becknell v. State*, 720 S.W.2d 526, 531 (Tex. Crim. App.

7

[Panel Op.] 1986), and *Billings v. State*, 725 S.W.2d 757, 763 (Tex. App.—Houston [14th Dist.] 1987, no pet.)). Appellant does not argue, and we cannot say, the remarks made by counsel were calculated to injure appellant's rights or deprived him of a fair and impartial trial.

The final instance of alleged ineffective assistance concerns defense counsel's failure to object to the following closing argument by the State during punishment:

> And how are you going to protect his future wives, his future girlfriends, and the community as a whole? That's your job.
>
> . . .
>
> But it's also about keeping the community safe.

As noted above, defense counsel's failure to object does not amount to ineffective assistance unless the trial court would have erred in overruling such an objection. *See Ex parte Martinez,* 330 S.W.3d at 901. The State's arguments do not unequivocally refer to community expectations of a particular punishment but reasonably could be viewed as pleas for law enforcement. As such, the trial court would not have erred in overruling any objection. *See Smith v. State*, 966 S.W.2d 111, 113 (Tex. App.—Beaumont 1998, pet. ref'd); *see also Motley v. State*, 773 S.W.2d 283, 293 (Tex. Crim. App. 1989) (holding that where there was no demand for a specific result based upon community sentiment, argument was for law enforcement and fell within the parameters of acceptable jury argument). Appellant has not shown the trial court would have erred in overruling an objection to the State's arguments. Accordingly, defense counsel's failure to object did not constitute deficient performance.

Because we have concluded appellant failed to establish error on the part of defense counsel sufficient to satisfy the first prong of *Strickland*, it is unnecessary

8

for us to reach the second prong requiring that an appellant show that an alleged deficiency of trial counsel resulted in prejudice. We therefore overrule appellant's sole point of error and affirm the trial court's judgment.


/s/    J. Brett Busby
Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).